UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION



APPROVED
08/30/2010
LJMcK

UNITED STATES OF AMERICA,

    Plaintiff

vs.

    Case No. 2:09-cr-00023-001 LJM/CMM

JAMES McNEW,

    Defendant

### REPORT TO DISTRICT JUDGE
### PROPOSED FINDINGS OF FACT AND
### CONCLUSION OF LAW

A hearing was convened in this matter on August 4, 2010, on a Petition for Warrant or Summons for Offender Under Supervision filed July 15, 2010. The Court granted the petition for a summons and set this matter for hearing on the defendant's alleged violations of the terms and conditions of his sentence while on supervised release. This matter was referred to the Magistrate Judge for hearing pursuant to 18 U.S.C. 3401(i) pursuant to an Entry and Order issued by The Hon. Larry J. McKinney, U. S. District Judge, on August 4, 2010.

The Government appeared by Joe Vaughn, Assistant United States Attorney; the defendant, James McNew, appeared in person and by counsel, Laura Paul.

The Government and defense counsel advised the Court that the parties had reached an agreement on admission of certain violations and on a recommended modification of the terms of supervised release. The Court advised the defendant of his constitutional rights and the burden of proof with respect to the alleged violations. The defendant reviewed with counsel in open court the specific allegations contained in the Petition filed July 15, 2010. The defendant

admitted the allegations of 1 through 3, inclusive, in the petition, i.e., that he had tested positive for cocaine on February 17, 2010, and further signed an admission that he had used cocaine prior to that date. The defendant did not admit allegation 4 and stated that he believed his earlier admission would suffice to confirm the use of illegal drugs without further disclosure on the monthly report. The defendant did not admit the specific allegations of 5 other than to confirm that he had failed to return on April 8, 2010 for a second drug screen and had missed multiple demands to provide random drug screens. The defendant could not, however, verify the specific dates. In general, however, he admitted that he had violated a term of his supervised release by failing to appear as directed for random drugs screens. He admitted that he missed a counseling session on May 27, 2010, because of lack of transportation. The defendant admitted that he has not performed all of the 100 hours of community service ordered by the sentencing court. He contended that he had one year to complete community service.

The Court finds that the defendant made a knowing, intelligent and voluntary admission of violations 1, 2, 3, and 5 outlined in the Petition.

The parties stipulated, and the defendant concurred in open court, that the appropriate disposition of this matter is to order the defendant's assignment to a "halfway house" operated by the Volunteers of America for a period of up to six months as directed by the U.S. Probation Officer as soon as practicable in the event the District Court affirms this recommendation. The U.S. Probation Officer shall have discretion to recommend early release from the halfway house if the defendant is compliant. All other terms and conditions of supervised release (including, but not limited to, the obligation of regular communication with the U.S. Probation Officer) shall remain in effect and the defendant shall complete the community service obligation under the original sentence while residing at the halfway house.

The undersigned recommends to the Court adoption of the following Findings of Fact and Conclusions of Law:

### Findings of Fact.

1. The defendant, James McNew, was sentenced on November 4, 2008 upon his conviction of Transporting an Undocumented Alien for Private Financial Gain Within the United States by means of a Motor Vehicle. The original sentence included 15 months confinement and three years of supervised release.

2. While on supervised release, the defendant violated the terms of supervised release as follows:

   a. On February 17, 2010, McNew submitted a urine sample that tested positive for cocaine.

   b. On April 8, 2010, McNew failed to provide a urine sample as directed by the U. S. Probation Officer.

   c. Thereafter, McNew failed to appear for random drug screens on multiple occasions as directed by the U.S. Probation Officer.

3. The defendant was under supervision of the U.S. Probation Office on July 15, 2010, at the time the Petition was filed.

4. The defendant admitted these allegations in open court and after the advice of counsel.

5. The specific allegations violate the terms of supervised release as follows:

   a. McNew's actions violated a prohibition from any unlawful use of a controlled substance.

   b. McNew's actions violated a prohibition from purchasing, possessing, using, distributing, or administering any narcotic or other controlled substance, except as prescribed by a physician.

   c. McNew's action violated a prohibition from frequenting places where controlled substances are illegally sold, used, distributed, or administered.

  d. McNew's actions violated a condition of supervised release that authorizes the U.S. Probation Officer to administer drug testing on a random basis and to submit to drug detection techniques as directed by the Officer.

  6. McNew acknowledged that he had violated the terms of his supervised release and stated an understanding of the consequences of further violations.

  7. The Government and McNew agree that appropriate disposition of this matter includes:

  a. Admission of allegations 1, 2, 3 and 5 of the Petition (which the defendant conceded in open court);

  b. Modification of supervised release effective as soon as practicable with placement in a "halfway house" operated by Volunteers of America in Indianapolis for a period not to exceed six months in the discretion of the U.S. Probation Office.

## Conclusions of Law

  1. The Court finds by a preponderance of the evidence that the defendant violated the terms of supervised release on and after February 17, 2010.

  2. The defendant's supervised release should be modified to include placement in a "halfway house" operated by Volunteers of America in Indianapolis as soon as practicable for a period not to exceed six months in the discretion of the U.S. Probation Office.

  3. In reaching this conclusion, the Court has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, the multiple violations of the terms of supervised release and evident illegal drug use], (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the defendant's multiple violations and disregard of reasonable rules of supervised release], (a)(2)(c) [to protect the public from further crimes of the defendant, here, upon evidence of illegal drug use], (a)(2)(D) [to provide the defendant with a structured environment within which

to confront drug dependency, needed training and supervision from the Probation Officer], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here].

4. The agreement of the parties was not coerced and is a reasonable and appropriate resolution of the violations contained in the Petition.

### Recommendation

The undersigned recommends to the Court adoption of these Findings of Fact and Conclusions of Law and the modification of the terms of supervised release to include placement in a "halfway house" operated by Volunteers of America in Indianapolis as soon as practicable for a period not to exceed six months in the discretion of the U.S. Probation Office. All other terms of supervised release shall remain in effect.

Dated: 4 August 2010

Respectfully submitted,

_____
Craig M. McKee
United States Magistrate Judge

**Distribution to:**
Joe Vaughn, U.S. Attorney's Office
Laura Paul
Shelly McKee, U.S. Probation Office