UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

vs.                                                  Case No. 2:09-cr-00023-001 LJM-CMM

JAMES McNEW,

    Defendant

## REPORT TO DISTRICT JUDGE
## PROPOSED FINDINGS OF FACT AND
## CONCLUSION OF LAW

A hearing was convened in this matter on February 24, 2011, on a Petition for Warrant or Summons for Offender Under Supervision filed January 19, 2011, and a Supplemental Petition for Warrant or Summons for Offender Under Supervision filed February 7, 2011. The Court granted the petition for a summons and set this matter for hearing on the defendant's alleged violations of the terms and conditions of his sentence while on supervised release. This matter was referred to the Magistrate Judge for hearing pursuant to 18 U.S.C. 3401(i) in an Amended Entry and Order issued by The Hon. Larry J. McKinney, U. S. District Judge, on February 17, 2011.

The Government appeared by Joe Vaughn, Assistant United States Attorney; the defendant, James McNew, appeared in person (in custody) and by counsel, Laura Paul.

The Government and defense counsel advised the Court that the parties had reached an agreement on admission of certain violations; the parties did not reach agreement on a proposed disposition. The Court advised the defendant of his constitutional rights and the burden of proof

with respect to the alleged violations. The defendant reviewed with counsel in open court the specific allegations contained in the Petition filed January 19, 2011 and the Supplemental Petition filed February 7, 2011. With regard to the initial Petition (January 19, 2011), the defendant admitted the allegations of 1 through 6, inclusive, in the petition, i.e., that he had tested positive for methamphetamine on December 9, 2010; falsely reported that he had not possessed or used any illegal drugs during the month when tested positive; failed to report for scheduled substance abuse counseling appointments on two dates in November; and failed to perform all 100 hours of community service ordered by the Court (noting, however, that he had completed 57 hours, not the 35 hours reported in the petition).

With regard to the Supplemental Petition (February 7, 2011), the defendant admitted violations 7 through 9, inclusive, but denied alleged violation 10. The defendant admitted that he provided a drug screen that tested positive for amphetamine on January 31, 2011 (which later was confirmed as positive for methamphetamine). Alleged violation 10 focused on the defendant's unauthorized departure from the residential re-entry center (Volunteers of America) on February 4, 2011. Defendant, however, provided a plausible explanation for his unauthorized departure—he was told to leave by Volunteers of America after testing positive for drugs—and so the Court makes no finding of admission with respect to that allegation.

The Court finds that the defendant made a knowing, intelligent and voluntary admission of violations 1, 2, 3, 4, 5, 6, 7, 8 and 9 outlined in the Petition and the Supplemental Petition. The Court notes that the defendant previously appeared on a Petition for Warrant or Summons for Offender Under Supervision on August 4, 2010. This Magistrate Judge submitted a recommendation to Judge McKinney at that time and Judge McKinney rendered a Judgment in a Violation Hearing on August 30, 2010.

The parties concurred that a term of imprisonment is appropriate but disagreed on the length of confinement. The parties also addressed whether an additional term of supervised release would be appropriate in this case.

The undersigned recommends to the Court adoption of the following Findings of Fact and Conclusions of Law:

### **Findings of Fact**

1. The defendant, James McNew, was sentenced on November 4, 2008 upon his conviction of Transporting an Undocumented Alien for Private Financial Gain Within the United States by means of a Motor Vehicle. The original sentence included 15 months confinement and three years of supervised release.

2. While on supervised release, the defendant violated the terms of supervised release as follows:

   a. On December 9, 2010, McNew provided a urine sample that tested positive for methamphetamine.

   b. On January 5, 2010, McNew signed a monthly supervision report for December 2010 and falsely reported he had not possessed or used any illegal drugs during the month.

   c. On November 8 and 23, 2010, McNew failed to report for scheduled substance abuse counseling appointments.

   d. McNew has failed to perform 100 hours of community service prior to September 9, 2010, as ordered by the Court. He has completed 57 of those hours.

   e. On January 31, 2011, McNew provided a urine sample that tested positive for methamphetamine.

   f. On December 9, 2010 and January 31, 2011, McNew's urine sample proved that he had failed to refrain from the unlawful use of a controlled substance, a term of his supervised release.

   g. On December 9, 2010, and January 31, 2011, McNew's urine sample

provide that he had violated other terms of his supervised release, including the Court's order that he refrain from purchasing, possessing, using, distributing or administering any controlled substance or frequent places where such controlled substances are illegally sold, used, distributed or administered.

3.  The defendant was under supervision of the U.S. Probation Office on January 19, 2011 and February 7, 2011, the dates on which the Petition and Supplemental Petition were filed.

4.  The defendant admitted these allegations in open court and after the advice of counsel.

5.  The specific allegations violate the terms of supervised release as follows:

   a. McNew's actions violated a prohibition from any unlawful use of a controlled substance.

   b. McNew's actions violated a prohibition from purchasing, possessing, using, distributing, or administering any narcotic or other controlled substance, except as prescribed by a physician.

   c. McNew's action violated a prohibition from frequenting places where controlled substances are illegally sold, used, distributed, or administered.

   d. McNew's actions violated a condition of supervised release that required him to report to the probation officer and submit a truthful and complete written report within the first five days of each month.

   e. McNew failed to appear/participate in a treatment program for drug addiction as required by the court.

   f. McNew has failed to perform all 100 hours of community service ordered by the Court to have been completed no later than September 9, 2010.

6.  McNew acknowledged that he had violated the terms of his supervised release and stated an understanding of the consequences of further violations.

## Conclusions of Law

1.  The Court finds by a preponderance of the evidence that the defendant violated the terms of supervised release on and after December 9, 2010.

2. The violations noted in the Findings of Fact under Paragraph 5, sub-parts b, c, d, e, and f constitute Grade C violations under §7B1.1(b), *United States Sentencing Guidelines* (Chapter 7, Violations of Probation and Supervised Release). The violation noted in the Findings of Fact under Paragraph 5, sub-part a constitutes a Grade B violation under §7B1.1(b).

3. The defendant's criminal history under §7B1.4(a) is Category I.

4. Based upon these conclusions, the sentencing options for this defendant include a range of imprisonment from four to 10 months based upon these findings and conclusions. *See,* §7B1.4(a).

5. Based upon these findings and conclusion, the Magistrate Judge recommends that the defendant's current supervised be revoked and that the defendant be sentenced to a seven-month term of incarceration followed by 12 months of supervised release on the same terms and conditions imposed in the original disposition of this matter, including completion of 43 hours of community service no later than the expiration of the new period of supervised release.

6. In reaching these conclusions, the Court has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, the multiple violations of the terms of supervised release and evident illegal drug use], (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the defendant's multiple violations and disregard of reasonable rules of supervised release], (a)(2)(c) [to protect the public from further crimes of the defendant, here, upon evidence of illegal drug use], (a)(2)(D) [to provide the defendant with a structured environment within which to confront drug dependency, needed training and supervision from the Probation Officer], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here].

**Recommendation**

The undersigned recommends to the Court adoption of these Findings of Fact and Conclusions of Law and the revocation of the defendant's supervised release, imposition of term of incarceration of seven months followed by 12 months of supervised release under the same terms and conditions imposed in the original disposition of this matter, including an extension of time to complete 43 hours of community service.

By agreement of the parties, the defendant is ORDERED detained pending the District Court's consideration of this recommendation.

In making this recommendation, the Magistrate Judge makes the following observations: James McNew is 44 years old. By his account, he has been using or been dependent on the "highs" of illegal substances for 25 years. He has attempted to overcome that dependency for a long time, but he finds the desire for drug ingestion overwhelming, even when he consciously recognizes that he is not only violating the law but endangering his life in so doing.

Absent a structured environment while incarcerated, it seems unlikely that the defendant will detoxify sufficiently to have a "clean start" on the substantial objective of shaking a 25-year addiction to illegal substances. To observe both the defendant's sense of helplessness and the clear record of his inability to overcome his reliance on illegal substances is sad, indeed. The best hope for James McNew to rescue himself from these awful circumstances is a mix of punishment and structured assistance. His attorney and probation officer both agree that progress was made in recent times and also acknowledge that he is earnest about regaining control of his life and kicking his habits. The defendant confirms both an objective understanding of that goal and a subjective recognition that he cannot achieve it alone. The recommended sentence will not cure his problems, but it will give McNew yet another chance to

rescue his life and make something of himself. The Bureau of Prisons and the United States Probation Office cannot do that for him, but at least he will have some structure for 19 months to re-open yet again that possibility.

Dated: 3 March 2011

Respectfully submitted,

*[signature]*
Craig M. McKee
United States Magistrate Judge

**Distribution to:**
Joe Vaughn, U.S. Attorney's Office
Laura Paul
Shelly McKee, U.S. Probation Office